IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00488-WYD-BNB

BRENDA ATTEBERRY,

Plaintiff,

v.

LONGMONT UNITED HOSPITAL, a Colorado nonprofit corporation, and
JOHN D. LEONARD, M.D.,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion for Protective Order Re: Trial Preparation Meetings With Treating Medical Providers** [Doc. # 188, filed 3/3/06] (the "Motion").  I held a hearing on the Motion on March 10, 2006, and made rulings on the record, which are incorporated here.  The Motion is DENIED.

The plaintiff objects to defendants' counsel conducting *ex parte* trial preparation meetings with Drs. Talusani, Stillman, and Hanley, and Nurse Werlin.  She claims that such meetings are precluded by the physician-patient privilege and Samms v. District Court, 908 P.2d 520 (Colo. 1995).  The plaintiff agreed at argument that such *ex parte* interviews unquestionably could be conducted if the witnesses were not medical providers who had treated Scott Atteberry, the decedent.

I previously held in this case that federal privilege law applies, even to the pendent state law claims, following Hancock v. Hobbs, 967 F.2d 462 (11th Cir. 1992), and Robertson v.

Neuromedical Center, 169 F.R.D. 80 (M.D. La. 1996). That decision was affirmed by the district judge, who went on to state that "a federal rule favoring admissibility controls over a state law privilege." Order [Doc. # 125, filed 8/18/05], p.8.

The issue of privilege is controlled by Fed. R. Evid. 501, which provides in relevant part:

> Except as otherwise required by the Constitution or the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Neither the Supreme Court nor the Tenth Circuit Court of Appeals has recognized the existence of a physician-patient privilege. See Whalen v. Roe, 429 U.S. 589, 602 n.28 (1977)(noting that the "physician-patient privilege is unknown to the common law" and that in those states where such a privilege is recognized "it is subject to many exceptions and to waiver for many reasons").[1]

The State of Colorado has established a physician-patient privilege, codified at section 13-90-107(1)(d), C.R.S. The state law privilege states in part:

> (d) A physician, surgeon, or registered professional nurse who duly authorized to practice his profession pursuant to the laws of this state or any other state shall not be examined without the consent of his patient as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient, but this paragraph (d) shall not apply to:

---

[1] The plaintiff points to Lovato v. Burlington Northern Santa Fe Railroad Co., 201 F.R.D. 509 (D. Colo. 2001), as recognizing a federal physician-patient privilege. The Lovato decision is two paragraphs long. Because I do not have the benefit of the district judge's reasoning, Lovato must be limited to its particular facts, and I do not read it as adopting a federal physician-patient privilege in all circumstances. In addition, Lovato was decided by a different district judge than is presiding here.

> (I)   A physician, surgeon, or registered professional nurse who is sued by or on behalf of a patient or by or on behalf of the heirs, executors, or administrators of a patient on any cause of action arising out of or connected with the physician's or nurse's care or treatment of such patient;
>
> (II)   A physician, surgeon, or registered professional nurse who was in consultation with a physician, surgeon, or registered professional nurse being sued as provided in subparagraph (I) of this paragraph (d) on the case out of which said suit arises. . . .

Even if the state law privilege were to apply, and it does not, I find that it has been waived by the instigation of this suit, which includes a malpractice claim against Dr. Leonard. See Samms, 908 P.2d at 524 (holding that "[w]hen a patient initiates a civil action and by alleging a physical or mental condition as the basis for a claim of damages injects that issue into the case, the patient thereby impliedly waives his or her physician-patient privilege with respect to that medical condition"). Drs. Talusani, Stillman, and Hanley, and Nurse Werlin treated Scott Atteberry only in connection with the injuries underlying this action, and in doing so they were acting in consultation with Dr. Leonard, who has been sued here for malpractice.

The Samms procedure, requiring that defense counsel interviewing a treating physician must give the plaintiff reasonable notice of the interview and allow the plaintiff's attorney to attend the interview, springs from the state law physician-patient privilege, which is not applicable here. Consequently, the Samms case is not controlling, and I will not apply it in this case to require that defense counsel allow plaintiff's counsel to attend their trial preparation interviews of Drs. Talusani, Stillman, and Hanley, and Nurse Werlin.

Following my ruling from the bench on Friday, the plaintiff moved for a stay of my order to allow her time to object to the district judge. See Esparza v. Bridgestone/Firestone, Inc., 200

F.R.D. 654, 657 (D. Colo. 2001)(stating that in an appropriate case a magistrate judge may stay the effect of a discovery order to allow a party to object).  In this case, trial is set to begin in approximately two weeks.  The witnesses to be interviewed are medical providers who have especially busy schedules.  I find that the effect of granting a stay of this order to allow objection, which certainly could take up to the day of trial, would have the practical effect of preventing the defendants from conducting pretrial interviewing the witnesses.  Consequently, this is not an appropriate case for a stay.  And when I asked the plaintiff's counsel at argument whether she preferred a stay of my order with the recommendation that the trial be rescheduled or no stay and no recommendation for continuance of the trial, she preferred no stay.

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the oral motion to stay the effect of this order is DENIED.

Dated March 13, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge